TERRE HAUTE HOUSE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19047. Promulgated September 20, 1929.

*M. M. Dunbar, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

TRAMMELL: There is some controversy between the parties as to the basis upon which the petitioner kept its books. The petitioner alleges that it kept its books on the cash receipts and disbursements basis, while the respondent denies that they were kept on such basis. In the view that we take of the expenditure here in controversy, we think the basis on which the books were kept is immaterial.

The petitioner contends that it is entitled to deduct as an expense in its return the full amount of the $6,813.59 expended in 1924 for a new roof on the building which it occupied under a one-year lease expiring August 1, 1925. The respondent has treated the expenditure as in the nature of a capital investment. As five of the twelve months of the lease came within the petitioner's taxable year, the respondent has allowed as a deduction in such year five-twelfths of the amount expended.

The new roof constituted a betterment or improvement having a life beyond the taxable year and its cost was a capital expenditure. *Salo Auerbach*, 2 B. T. A. 67. In *National City Bank of Seattle*, 1 B. T. A. 139, we had under consideration the deductibility of an amount expended for improvements to property held under a lease extending beyond the taxable year. There we said:

Payments made by a lessee for improvements upon the lessor's premises are not an annual charge. They are not " ordinary and necessary expenses " of the lessee in the transaction of business for the year in which the payments are made, provided, of course, the term of the lease extends beyond the end of the taxable year. From the standpoint of the lessee they represent an investment of capital for improvements which will inure to the benefit of the lessee for the term of the lease, or for the term of the useful life of the improvements.

We think the principle stated in the foregoing is applicable and controlling here. As the lease extended beyond the end of the petitioner's taxable year, we do not think it is entitled to deduct the full amount in 1924. *Duffy* v. *Central Railroad of New Jersey*, 268 U. S.

55; *Simmons & Hammond Manufacturing Co.*, 1 B. T. A. 803; *Gladding Dry Goods Co.*, 2 B. T. A. 336; *Louis C. Levy*, 2 B. T. A. 361. In our opinion the exhaustion allowance to be made the petitioner should be spread from the time the new roof was put on until the expiration of the lease. The record here does not show when the new roof was actually put on, but only shows when it was contracted for, from which we might conclude that it was not put on until some time after September 12, 1924. We are unable to determine the exact date from which the exhaustion allowance should be made and since no claim for an additional deficiency was asserted by the respondent at or before the hearing, we approve the allowance determined by him.

The petitioner has relied upon our decision in *Hess Brothers*, 7 B. T. A. 729, wherein we held that the full amount of expenditures made in 1920 for alterations and improvements to property held under a one-year lease expiring at April 1, 1920, was deductible in the return for the fiscal year ended January 31, 1920. In view of the conclusion reached in the case here involved, we think our decision in *Hess Brothers, supra,* is erroneous in that it permitted as a deduction in the fiscal year ended January 31, 1920, the full amount of the expenditures instead of allocating a part of them to the unexpired portion of the lease. This part of our decision in *Hess Brothers, supra,* will therefore not be followed in the future.

Reviewed by the Board.

*Judgment will be entered for the respondent.*